By the Court,
Lane, C. J.
The important question in this case is, whether Doane acquired a right to erect a warehouse, within the one hundred and twenty feet wide, granted for the road ? It is plain that all the laws and documents point to, and recognize this as set apart “ for a road.” The act of Congress conveys it to the state of Ohio, as -a tract whereon “ to locate a road.” The act of Ohio directs the commissioners to locate and survey said road one hundred and twenty feet ■“ wide,” between the terminating points. Under these circumstances, ■we shall look for some strongly decisive act of the state, before we admit their intention to devote it to any other use. We find none. The superintendent was appointed in 1824, to contract for the construction of the road, and to make sales of the adjoining lands. The next year, his discretion is enlarged as to the forms of survey of the lands belonging to the state within the reservations, but no intention is expressed, and no power is given, to affect the line of the road, or contract the rights of the public to it as a public highway. The privilege of docking and wharfing, are in no degree inconsistent, but in •furtherance of the object. The point of termination is a navigable river. A wharf is the extension of the road into the river. A dock •is a place for vessels, either excavated from the land, or surrounded by wharves. Both, in this situation, are subservient to the public, by facilitating the transit of passengers and burthens between the land iand the water, and thus both contribute to the object sought for, by the establishment of the highway. When placed in public highways, ¿although individuals may have interests in them, they are intrinsically *166 public establishments, and a part of the highway, as much as turnpikes and toll bridges, and held under the" control of public regulation or of’ law. But a warehouse has none of these properties. Although convenient for public, accommodation, it is held by an individual for his private benefit only. It is not a part of a pier ; it is not devoted to a public use; it aids not, but obstructs the right of passage. It is,, therefore, expressly forbidden by the law, directing the wharf or dock to be so constructed, that the road shall in no respects be incommoded-in consequence.
We next enquire, if the plaintiffs have such rights as to recover in. these forms of action ? It is admitted that for an injury merely to * the public, no individual can support an action. But the-owner of a lot adjoining a road has a specific interest in the privilege of the road itself. Ordinarily his land extends to its centre, as it is presumed to be taken from his land ; and in those cases, where he does own the soil of the road, he has an interest in the incorporeal right itself. Its existence generally contributes to the enjoyment of his lot,, and confers additional value upon it, and any act of another, which, impairs that'value or interferes with that enjoyment, may be the subject of a suit. To sustain an action of trespass, the plaintiff must have a present interest in possession in the lands. Where all highways run over land of another, the creation of the easement does not extinguish all the interest of the owner ; he still claims all not incompatible with the right of passing. For direct trespasses, as for the cutting of shade trees, or the taking of stone or gravel, he may sue.. The owner of the adjoining land is presumed to own the highway, because it is presumed the land was taken from him; he is, therefore, permitted to recover for injuries like those in trespass. But where the title exhibited is such, as shows the owner of the adjoining land had no title to the land covered by the road, as is the case before us, he has no interest which is the subject of trespass. The easement — • the privilege of the road — the advantage it confers on his land, is his, but not the road itself. The right lies not in livery but in grant; is incorporeal only, and not the subject of this form of action. The suit, therefore, of Mumford v. Doane, is misconceived, and judgment must be entered for the defendant. The action on the case is not subject to this objection. It is adapted to recover for the injury sustained by Bingham, during the few months in which he held the property. This case will be remanded to try his right.
Judgment against Mumford — the other case remanded.