In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, for extending Mercer Street, in the late 8th, now 9th Ward of the City.

A grant of land as abutting in the rear upon a certain street, which was merely laid down as such upon a map, but not actually opened, the land being accessible by a street in front, is not an implied grant of way in the supposed street in the rear; nor is it an implied covenant to open the street in the rear.

ULSHOEFFER, moved to confirm the report of the commissioners of estimate and assessment.

*S. Jones,* contra, opposed the application, on the ground that the commissioners had mistaken the law in estimating the value of lands taken for the improvement. They supposed that certain land belonging to the heirs of Elizabeth Depeyster, deceased, over which the contemplated improvement extended, were subject to a right of way in virtue of a conveyance in fee from the owners. The deeds of conveyance to several purchasers of lands were, in terms, bounded in front by Broadway, and in the rear on Mercer Street, this latter being a space voluntarily left by the owners, which they called Mercer Street, laid down as such on a map of the city, though not laid out by the corporation; and in reference to which the owners conveyed. This space is the same taken by the corporation for Mercer Street; and the commissioners, thinking the deed contained a constructive covenant for a perpetual right of way to the alienees, refused to allow the alienors any thing beyond a nominal compensation for the land. The alienees knew that Mercer Street had not been officially or otherwise opened at the time of their purchases, but was merely laid down on the map as before mentioned.

He said, that a covenant could not be implied from the
mere description, the office of which is only to define the limits and contents of the premises. Nor do the grantees
acquire a right of way from necessity over the grantor's land. This can be only where the premises granted are inaccessible in any other way. Its being the private way of the grantor, gives the grantee no right. The former may shut it up when he pleases. The term Mercer Street was mere description, and had reference to a street expected to be laid out when the proper time should arrive. It was a precaution against continuing the lots conveyed over the future street ground. With this view the map was framed.

It never could be opened as a public street but by the corporation ; and they had a right to say that no public street should be laid there.

He commented upon *Holmes* v. *Teller*, (3 Lev. 305 ;) *Fowle* v. *Bigelow*, (10 Mass. Rep. 375 ;) *Roberts* v. *Karr*, (1 Taunt. Rep. 495,) which he said would be relied on by the counsel for the corporation ; and insisted that they were not at variance with the principles for which he contended.

He argued that, at any rate, the right of soil remained in the claimants, and they should have been paid more than a mere nominal consideration. And to this point he cited and relied upon *Cortleyou* v. *Van Brunt*, (2 John. Rep. 357, 363 ;) *Jackson* v. *Hathaway*, (15 John. Rep. 447 ;) and *Underwood* v. *Stuyvestant*, (19 John. Rep. 181.)

In *Clapp* v. *M'Neil*, (4 Mass. Rep. 589,) he said the very point in question was decided in favor of the claimants.

*Ulshoeffer*, in reply, said, the corporation, by 2 R. L. 414, would take the absolute fee of Mercer Street, on its being laid out ; but the commissioners thought its value nominal only, on account of the perpetual easement or right of way created by the deed. The street appeared upon the map, and the grantees doubtless purchased in reference to it, and paid a higher consideration, upon this account. The fair import of this description is a covenant to open the street without compensation. The grantor was as much holden that the lots should bound on a street in the rear, as upon Broadway in front.

He cited *Holmes* v. *Teller*, (3 Lev. 305;)   *Roberts* v. *Karr*, (1 Tuant. Rep. 495;) *Fowle* v. *Bigelow*, (10 Mass. Rep. 375,) and *Jackson* v. *Hathaway*, (15 John. Rep. 452, 481, 545.)

At another day,

*The Court* said, they had examined the questions presented by his case, and the authorities cited; and were satisfied that the commissioners had proceeded upon a wrong principle; that the mere abuttal upon Mercer Street did not amount to an implied grant of way. (*Underwood* v. *Stuyvesant*, 19 John. Rep. 181.) And they adopted what was said upon a similar point, by Parsons, C. J. in *Clapp* v. *M'Neil*, (4 Mass. Rep. 590.) The Court holding that the claimants were entitled to compensation without regard to the supposed easement, the matter was again referred to the commissioners for review upon this principle, and the present motion denied.

Rule accordingly