SAMUEL G. HOWE *vs.* FRANCIS ALGER.

If land be conveyed as bounding on a street, and the grantor has no interest in the adjacent land so described, this does not amount to an implied covenant that there is such a street legally laid out.

CONTRACT, alleging that in and by a certain deed executed by the defendant to the plaintiff, the defendant covenanted that the land conveyed was bounded on two sides by streets, whereas there was and is no street on either side thereof. The only material portion of the deed was as follows:

" Know all men by these presents, that I, Francis Alger, of Boston, in the county of Suffolk, merchant, in consideration of three thousand two hundred and thirty-five $\frac{45}{100}$ dollars to me paid by Samuel G. Howe, of said Boston, physician, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Howe, and his heirs and assigns forever, all that lot of land in South Boston, containing, by

estimation, fifty-four hundred and sixty-two and one half square feet, with the buildings thereon, bounded north by Fifth Street, forty-seven feet six inches; west by land late of Stephen Glover, one hundred and fifteen feet; south by a street twenty feet wide, forty-seven feet six inches; and east by lot thirty-nine (39), on Alexander Wadsworth's Plan of Mount Washington Association Lands, dated May 16th 1839, (see Suffolk Deeds, lib. 618, fol.    ), one hundred and fifteen feet."

It was agreed in the superior court that the lot so conveyed was originally part of a large tract which in 1839 was owned by the Mount Washington Association, and by them laid out into lots and streets, and said plan thereof made and recorded by them. The defendant never owned the land described as Fifth Street, or that described as "a street twenty feet wide," except so far as he acquired title thereto by the mesne conveyances from the Mount Washington Association to him, which were substantially similar in form to his deed to the plaintiff. At the time of making the defendant's deed to the plaintiff, the land called Fifth Street was open and used as a street in front of said lot, and extending to G. Street, and so continued until the decision of this court in *Glover* v. *Boston*, 14 Gray, 282; since when it has been shut up by Glover in front of his premises, and the access to G. Street cut off. Neither Fifth Street nor the "street twenty feet wide" has ever been laid out by public authority; and there is no access from the lot conveyed to any highway except by passing over private property.

Upon these facts, judgment was rendered in the superior court for the defendant, and the plaintiff appealed.

*H. Gray, Jr.*, for the plaintiff. It is well settled law in this commonwealth, and has been repeatedly declared by this court, that a deed bounding land on or by a street contains an implied covenant that there is such a street, opened and adapted for travel. *Parker* v. *Smith*, 17 Mass. 415, 416. *Emerson* v. *Wiley*, 10 Pick. 316. *O'Linda* v. *Lothrop*, 21 Pick. 297. *Parker* v. *Framingham*, 8 Met. 267. *Tufts* v. *Charlestown*, 2 Gray, 271. *Walker* v. *Worcester*, 6 Gray, 550. This rule is founded upon the meaning of the words, and does not depend upon the question

whether the grantor owned the land covered by the street. The question is not what in fact he could convey; but what by his deed he undertook to convey. If he had no title to the land under the street, this should not diminish his liability on the covenant, implied by law from the words of his deed, that there was such a street there. *Bacon* v. *Lincoln*, 4 Cush. 212. Sugd. Vend. (13th ed.) 498. A grantor who unofficially uses words implying title is bound to make them good; *e. g.* "dedi." Co. Litt. 384, *a.* *Dow* v. *Lewis*, 4 Gray, 468, 473. When a deed bounds land upon a street definitely laid out upon a plan, which is referred to in the deed, and recorded in the registry, the grantor thereby covenants that there is a permanent street, of the full width and length laid out upon the plan. *Thomas* v. *Poole*, 7 Gray, 83. *Farnsworth* v. *Taylor*, 9 Gray, 162. *Rodgers* v. *Parker*, Ib. 445. *Glover* v. *Boston*, 14 Gray, 282.

*S. E. Sewall & S. W. Bates*, for the defendant.

DEWEY, J. The plaintiff seeks to charge the defendant in damages for a breach of an implied covenant as to the existence of certain streets described as boundaries of land conveyed by the defendant, in the deed thereof.

The only ground for sustaining such a claim is in the description of the premises conveyed, in which they are described as " all that lot of land in South Boston, containing, by estimation, fifty-four hundred and sixty-two and one half square feet, with the buildings thereon, bounded north by Fifth Street, west by land of Stephen Glover, south by a street twenty feet wide, and east by lot 39 on Alexander Wadsworth's Plan of Mount Washington Association Lands, dated May 16th 1839." The breach assigned is, that there were no such streets legally laid out, or any right of way on the north and south sides of the lot, as above stated.

There is no stipulation in direct terms, in the deed of the defendant to the plaintiff, that those streets were legally laid out, and that he should enjoy the use of the same as streets connected with the premises sold to him; and the sole inquiry is, whether the law has raised such a covenant by the recitals in the description of the boundaries of the land conveyed.

If we were to give full effect to the language often used in cases where the grantor, being the owner as well of the adjacent land described as a street as of the premises conveyed, has attempted to deprive his grantee of the privileges of such street, we might readily conclude that the boundary on the street in the present case would create an implied covenant that such street was a legally existing street, to be used by the grantee, and for his benefit.

But a recurrence to those cases will show under what circumstances such language was used, and to what cases it may properly be applied.

The case of *Parker* v. *Smith,* 17 Mass. 413, is a leading case upon this subject. The premises there conveyed were described as bounded on two sides on streets. The grantor was the owner in fee of the contiguous land that would have formed the two streets. The defendants, who claimed under the grantor, denied the grantee any rights as to the use of the contiguous land for a street or way. The court say that "the grantor and his heirs are estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be not merely a description, but an implied covenant that there are such streets." We here find the first use of the language that such a boundary upon a street is "an implied covenant" that such street exists. It was used in reference to a conveyance where the grantor was the owner of the adjacent land, embracing the so called street. It was used in a case of an estoppel as respects the grantor, and upon that ground alone the grantee might well maintain his right to the maintenance and use of a street. The further remark, as to the existence of an implied covenant, may reasonably be presumed to have been applied to the case there presented, of a grantor being the owner of the land described as a street.

The case of *Emerson* v. *Wiley,* 10 Pick. 310, was of like character, and was held to be governed by the previous case of *Parker* v. *Smith.* The case of *O'Linda* v. *Lothrop,* 21 Pick. 293, was also another case where the grantor was the owner of the adjacent land described as a street.

The opinion of this court, as found in the case of *Parker* v. *Framingham*, 8 Met. 267, goes no further. *Tufts* v. *Charlestown*, 2 Gray, 272, was also another case of estoppel, properly so ruled, but accompanied by the further statement as to an implied covenant, as found in *Parker* v. *Smith*.

Without a further or more extended examination of the cases cited by the plaintiff, it is sufficient to say that in all the cases cited under this head the grantor was the owner of the adjacent land described in the boundary as a street or way, and that the decision of the cases in favor of the various grantees required nothing further than the application of the doctrine of estoppel to the grantors, and those claiming under them, to deny the existence of the street. In *Farnsworth* v. *Taylor*, 9 Gray, 162, it was put solely upon this ground. None of these cases charge the grantor beyond the effect of an estoppel. None of them sought to charge him in damages because the adjacent land described as a street was not a legally constituted street, or because the same had been discontinued, or the use of the same was denied by a third person holding the same under an independent title.

The earlier cases will be found even more restricted than this: In *Clap* v. *M'Niel*, 4 Mass. 589, this court held that such boundary on a street gave no right of way to the grantee. In *Underwood* v. *Stuyvesant*, 19 Johns. 181, a boundary on a street as exhibited on a plan, but not yet laid out in fact, was held not to carry an absolute right to have such street, even as against the grantor and those claiming under him. In the case of *Mercer Street*, 4 Cow. 542, the supreme court of New York held that a mere boundary on a street, in the description of the land conveyed, did not amount to an implied grant of way. These decisions have been modified, and would not conform to the present legal doctrines on that subject, but that modification is the restricted one already stated. Thus in the case of *Lewis Street*, 2 Wend. 472, where the adjacent land described as a street was at the time of the conveyance owned by the grantor, it was held that, although the fee would remain in the grantor, the grantee would have an easement in the way.

A similar question arose in the case of *Livingston* v. *Mayor*

*&c. of New York*, 8 Wend. 85, where, in the opinion as stated by the chancellor, sitting in the court of errors, the law was stated thus as the most favorable view for the grantee : " If the lots are conveyed as bounded by these streets, or with reference to the city maps, which showed they were bounded by streets of a particular width, the grantees acquired a legal right as against the grantor to have those streets kept open for the benefit of the property granted."

The view taken of this subject in *Bellinger* v. *Union Burial Ground Society*, 10 Barr, 135, is alike unfavorable to the plaintiff.

The whole extent of the doctrine, as established by these cases, is, that a grantor of land, describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim, or doing any acts inconsistent with the grantee's use of the street or way; and that such estoppel would also apply to his heirs, or those claiming under him.

This seems to be the reasonable and proper doctrine, and it is not to be extended to a grantor merely intending by the description to fix the boundaries, and having no interest further that he could convey.

No difficulty exists in binding the grantor, by a proper covenant stipulating that there is such a street that shall always be kept open for travel, and for the use of the grantee. In the absence of some direct provision of that kind, the mere recital in the boundary, of a street as one of the abuttals, should not operate further than an estoppel as to the grantor and those claiming under him, to deny the existence of such way or street, or in any manner interfering to obstruct the grantee in the use and enjoyment of the same.

But there is nothing in the facts of the present case that can charge the defendant with having made any covenant with his grantee as to the existence of a street contiguous to the premises conveyed, unless it be in the description of the boundaries. The position of the defendant is not that of a grantor owning the adjacent land described as a street, and no question of estoppel arises here.

The case fails to show that the defendant entered into any covenant that there were such streets, or that the grantee should have and enjoy the use of any such streets, and he cannot therefore be held liable in damages for any breach of such a covenant.                    *Judgment for the defendant.*