In the matter of the application of the MAYOR, &c. of the city of New-York relative to the extending of LEWIS-STREET in the eleventh ward of that city.

Where a building lot is sold, bounded upon a street in the city of New-York, designated as such on the map of the city, or on a map made by the owner of lands in reference to which sales are made, altho' the street remains at the time unopened under the authority of the corporation, a covenant will be *implied* that the purchaser shall have an easement or right of way in the street to the full extent of its dimensions; and when the street is subsequently opened on the application of the corporation, the purchaser is not liable to pay the owner for the value of the land thus appropriated, but only *for the fee subject to the easement;* and such allowance should only be *nominal.*

LEWIS-STREET lies in that part of the city which was laid out into avenues and streets under the act of April 3d, 1807. It was not recognized by the commissioners as a street, nor designated by them as such on their map, but was laid out by the owners of property to induce to the sale of lots, and was actually opened and used as a street. Lots were sold and deeds executed, bounding the lots upon the street, some of which, at the intersection of other streets, had fronts upon such streets, but the interior lots had no access to them but by the way of Lewis-street. One of the lots, being a corner lot, was bounded on Lewis-street and on *Eighth-street,* which is one of the streets designated and laid out by the commissioners. By an act of the legislature of the 19th April,

1828, the corporation of New-York were authorized to ex- NEW-YORK,
tend Lewis-street according to its then lines and width north- May, 1829.
erly from its termination to Eighth-street.   The street was In the matter
accordingly extended, and the commissioners of estimate and of Lewis-st.,
assessment allowed only a *nominal* compensation to the own-
ers for the land thus appropriated as a street under the act
of 1828, considering the proprietors of the adjoining lots en-
titled to the easement of a perpetual right of way over the
same by virtue of their purchases.

*M. Ulshoeffer* presented the report of the commissioners,
and moved its confirmation.   He insisted that the commis-
sioners had correctly applied to this case the principles estab-
lished in the case of *Seventeenth-street*, (1 *Wendell*, 262.)  If,
however, the case should be considered as coming within the
decision of *Mercer-street*, (4 *Cowen*, 543,) he expressed the
hope that the court would review that decision.

*D. S. Jones,* contra.

*C. Baldwin*, in reply, who discussed the question *in exten-
so*, cited 17 *Mass. R.* 413, 3 *Starkie's Ev. tit. Ways and
Easements*, 1 *Taunton*, 495, 3 *id.* 24, and numerous other
decisions bearing upon the question.   He contended that
where the owner of a tract of land adjoining a growing city
lays it out into building lots bounding the same on spaces de-
signated as streets, and such lots are sold, the purchasers can-
not subsequently be made to contribute to any compensation
to be allowed to the owner, on such spaces being afterwards
adopted and opened as streets by the corporation of the city.

*By the Court,* SAVAGE, Ch. J.   The court adhere to the
opinion pronounced in the case of *Seventeenth-street*, (1 *Wen-
dell*, 262,) that in the city of New-York the fee of the land
comprised in the space called a street, previous to its being
opened by the corporation, does not pass to the purchasers
of the lots bounded upon it, as it would do were the lots
bounded on a public highway out of the limits of the city;
but that it remains in the grantor, the owners of the lots hav-
ing a perpetual right of way over the space called a street.

The case of *Seventeenth-street* was distinguished from that of *Mercer-street*, (4 *Cowen*, 542,) inasmuch as the purchasers in the former case had no access to their lots from any public way but by the space called a street in their deeds ; whereas in the latter case they had access from *Broadway*, and there was no necessity of using the space called a street. These cases were therefore supposed not to conflict with each other. The facts of the case now under consideration are precisely the same in principle as those in the case of *Mercer-street*, as it respects the lots bounding upon the streets intersecting Lewis-street. The commissioners of estimate and assessment, instead of adopting the rule laid down in that case as it regards those lots, have made their assessment as to all the lots in conformity to the principles established by the court in the case of *Seventeenth-street ;* and on a review of the case of Mercer-street, and a more mature consideration of the subject, the court have come to the conclusion that the case of Mercer-street was incorrectly decided, and confirm the report made in this case by the commissioners, who have allowed a compensation to the owners of the land only *for the fee,* (which, on the street being opened, vests in the corporation,) considering the purchasers of the lots as entitled to the easement or right of way, and that consequently the owner was not entitled to the *full value* of the land.

The principal part, if not the whole of the island of N. York, is laid out into avenues and streets, and so designated on a map of the city, although not actually opened. Purchases are made of lots for the purpose of erecting buildings thereon, and not for agricultural or horticultural uses ; and when a purchase is made of a lot bounding upon a street in the city of New-York which is not yet opened, the purchaser is entitled to all the benefits and advantages belonging to the property of which he has become the owner ; one of the most essential of which is, that when the street is opened, upon the application of the corporation conformably to the law regulating streets in that city, he will have a lot fronting upon a street upon which a building may be erected, without being subject to an assessment to compensate the owner of the fee to the full value of the land thus appropriated, the presump-

tion being that the purchaser of the lot paid an enhanced price for the same in consideration of the lot being bounded on a street. The owner is entitled to an allowance, because by the opening of the street the fee is transferred to the corporation; (2 *R. L.* 414;) but such allowance for the fee should only be *nominal,* as the easement or right of way belongs to the purchasers of the lots. The purchasers of such lots are subject to the charge allowed as a compensation to the owner for the fee of the street, as standing in the place of the corporation, being thus substituted because more immediately benefitted by the transfer than the owners of property in more distant parts of the city. The court are therefore of opinion that when a building lot is sold, bounded on a street in the city of New-York, designated as such upon the map of the city, or on a map made by the owner of lands in reference to which sales are made, although the street remains at the time unopened under the authority of the corporation, a covenant may well be implied that the purchaser shall have an easement or right of way in the street to the full extent of its dimensions, and that when the same is subsequently opened, on the application of the corporation, the purchaser is not liable to pay the owner for the value of the land thus appropriated, but only for the fee subject to the easement.