Nov. Term,
1855.

HAYNES
v.
THOMAS.

*C. C. Nave,* for the appellant.

------

## HAYNES and Another *v.* THOMAS.

After the evidence in a civil action was closed and the Court had instructed the jury, the Court permitted them to separate till the next morning. *Held,* that the matter, under the R. S. 1852, was within the discretion of the Court.

In proof of the signature of the grantor to a deed executed in 1837, a witness was sworn, who testified that he had been acquainted with the grantor eighteen or twenty years ago, and with his hand-writing, having frequently seen him write; that he thought the signature was his hand-writing, but would not be positive. There were no subscribing witnesses, and the deed was executed in a foreign state. *Held,* that, under the circumstances, the proof was sufficient.

To an action of trespass for breaking a close, it is no answer that after the unlawful entry the defendant had erected valuable buildings thereon.

On the trial of a cause, if there is any opposing evidence, however slight, upon the point in issue, it is to be left to the jury; but if there is not, it is the duty of the Court to inform them which party is entitled to a verdict.

The dedications contemplated in section 2 of the act of 1818, entitled "an act for recording town plats," apply to and include streets.

Under the constitution of 1816, the legislature had power to vacate roads, streets, &c., and of the propriety of their doing so, they were the exclusive judges, so far as their acts might affect the citizens of the state at large; but they had no such power, where their action would take away a private right.

The right of the owner of a town lot abutting upon a street, to use the street, is as much property as the lot itself, and the legislature has as little power to take away one as the other.

After the dedication of a street and the acquisition of private rights with reference to it, the law considers it in the nature of an estoppel *in pais,* which precludes the original owner from revoking the dedication.

Property which the owner has so dedicated as to be incapable of resuming it, he can not grant to another.

Besides the right which the public have of passage over a street in a town or city, there is a private right which passes to the purchaser of a lot upon the street, and as appurtenant to it, which he holds by implied covenant that the street in front of his lot shall forever be kept open to its full width.

In a suit by the owner for the invasion of such right, where the fact of the invasion is established, the plaintiff is necessarily entitled to nominal damages, at least.

Nov. Term,
**1855.**

HAYNES.
v.
THOMAS.

APPEAL from the *Fountain* Circuit Court.

GOOKINS, J.—Case by *Thomas* against *Haynes* and *Dickson*, for a nuisance. The declaration contains two counts. The first alleges that the plaintiff is the owner of lots two, three and four, in the town of *Williamsport;* that on the 11th of *December*, 1828, the proprietor, by a plat of the town, dedicated to the public all the ground between said lots and the *Wabash* river, as a public street, and sold said lots with reference to said dedication; that said ground had been used as a street from that time until the 1st of *April*, 1851, when the defendants obstructed the street by excavating the earth and erecting walls, by which the plaintiff was obstructed in the free use of the street for passage from his lots to the river. The second count is like the first, except that it states the lots to be in the occupancy of the plaintiff's tenants, laying the damages to the reversion.

*Tuesday,*
*November 27.*

Plea, not guilty.

The cause was removed from the *Warren* to the *Fountain* Circuit Court, by change of venue, where there was a jury trial. Verdict for the plaintiff for 92 dollars. Motion for a new trial overruled, and judgment.

The appellants complain that after the evidence was closed, and the Court had instructed the jury, they were permitted to separate until the next morning. In civil suits, this may be done in the discretion of the Court. 2 R. S. 1852, p. 112, sec. 329. There is nothing to show that the discretion was abused; nor was the proceeding excepted to at the time.

The plaintiff, to prove title to the lots in question, offered in evidence a deed from *Harrison*, the proprietor of the town, and his wife, to one *Canby*, from whom the plaintiff derived title. A witness testified that he was acquainted

with *Harrison* eighteen or twenty years ago, and with his hand-writing, having frequently seen him write; that he thought the signature to the deed was his hand-writing, but would not be positive; and that he was unacquainted with his wife's writing. It is objected that the deed was not sufficiently proved, as to *Harrison*, and not at all, as to his wife. The deed bears date in 1837, and near the time when the witness was acquainted with the grantor's writing. No one can testify positively to a writing unless he saw it written. Proof of hand-writing, by inspection, is not susceptible of greater certainty than was attained in this instance. There were no subscribing witnesses, and the deed was made in a foreign state. Under the circumstances, the proof was sufficient. Whether it was executed by the wife or not, was immaterial. *Harrison's* deed passed the fee.

The plaintiff gave in evidence a patent from the government to *Harrison*, and showed title to the lots described in the declaration; also a recorded plat of the town, dated in 1828, made by *Harrison*, which showed that, opposite to said lots, *Water* street extended from the lots to the river; and proved that in 1851 the defendants excavated the earth, erected foundation walls, and built a warehouse on said ground. This was all his proof.

The defendant then offered to prove that the erection of the warehouse was a benefit to the plaintiff's property, and had increased its value from 1,000 to 1,500 dollars; which testimony was, on the plaintiff's objection, excluded by the Court, and the defendant excepted. The appellee having offered to remit all but nominal damages in this Court, it will be unnecessary to consider whether the evidence was proper to reduce the damages. If the action is well conceived, it was clearly no bar. The erection of buildings, however valuable, after an unlawful entry, upon the lands of another, would be no answer to an action of trespass for breaking the close.

The defendants then proved that the warehouse was erected at a distance of sixty feet from the plaintiff's lots. They gave in evidence a quitclaim deed for the ground

Nov. Term, 1855.

HAYNES
v.
THOMAS.

on which it is built, from *Harrison* to one of the defendants, dated *May* 11, 1850; and an act of the legislature, as follows:

"An act to vacate part of *Water* street in *Williamsport*, in the county of *Warren*, approved *January* 25, 1851.

"SEC. 1. Be it enacted," &c., "that so much of *Water* street as lies between lots numbered one, two, three and four, and the *Wabash* river, in the town of *Williamsport*, in the county of *Warren*, and state of *Indiana*, be and the same is hereby vacated, except fifty feet on the western side of said street, and adjoining the said lots.

"SEC. 2. This act shall take effect and be in force, from and after its passage."

This was all the defendants' evidence.

Upon these facts, the Court instructed the jury, that the plaintiff and defendants both claimed under *Harrison*, and that when *Harrison* laid out part of the land he bought of the *United States*, into the town of *Williamsport*, and had his plat recorded in pursuance of law, it operated as a warranty deed to the public of all streets and alleys in said town of *Williamsport*, for the purposes designated, one street of which was *Water* street, which extended from lots two, three and four, in *Williamsport*, to the *Wabash* river; and that no act or law of the legislature, vacating said *Water* street, or any part thereof, without the consent of the plaintiff, could authorize *Harrison*, or his grantees, who are the defendants, to resume the actual possession thereof and convert it to their private use; and that the said *Water* street, and every part thereof, should remain open for the use of the plaintiff, as a pass-way; and that the defendants, by building their warehouse upon the lands of *Water* street, which had been vacated by the legislature, damnified the plaintiff to a nominal extent; and that the jury were therefore bound to find for the plaintiff, and that the said finding might be any sum from one cent to the amount claimed in the plaintiff's complaint, the jury being the exclusive judges of the amount of damages to be given.

To this charge the defendants excepted, and the giving of it is now assigned for error.

CASES IN THE SUPREME COURT

It is objected that this charge withdrew the facts from the jury, by telling them they were bound to find for the plaintiff, without any qualification. It will be seen that there was no conflict in the evidence, upon the point in issue. If there is any opposing evidence, however slight, upon the point in issue, it is to be left to the jury; but if there is not, it is the duty of the Court to inform them which party is entitled to a verdict. *Crookshank* v. *Kellogg*, 8 Blackf. 256.

Two questions arise upon this instruction: 1. Whether the defendants have shown a right to occupy the ground in question; and, 2. If they have not shown such right, whether damages necessarily accrued to the plaintiff from the facts proved.

When the plat of *Williamsport* was made and recorded, the act of 1818, contained in the revision of 1831, p. 530, was in force, the first section of which requires of the person laying out a town, previous to selling any lots therein, "to cause to be recorded in the recorder's office a correct copy of the plat of the town, with the public grounds, if any there be, streets, lanes and alleys, with their respective widths properly marked, and the lots regularly numbered in numerical order, and the size of the lots marked by reference to the plat of said town."

The second section is as follows:

"Every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or bodies politic, marked or noted as such on the plat of the town wherein such donation or grant may have been made, shall be considered to all intents and purposes as a general warranty to the said donee or donees, grantee or grantees, for his, her, or their use, for the purposes intended by the donor or donors, grantor or grantors aforesaid."

The dedication provided for in this section applies to and includes streets. *Conner* v. *New-Albany*, 1 Blackf. 43.—*Indianapolis* v. *Croas*, ante, p. 9. Under the constitution of 1816, it is not doubted that the legislature had power to vacate roads, streets, &c.; and of the propriety of

their doing so, they were the exclusive judges, so far as their acts might affect the citizens of the state at large; but it is equally clear that they had no such power, where their action would take away a private right. Attempts have frequently been made by legislative enactments, to divert public property from the objects to which it had been dedicated, and as often have such acts been held invalid, when found to infringe upon private rights. *Le Clercq* v. *Gallipolis*, 7 Ohio 217.—*Rowan's Executors* v. *The Town of Portland*, 8 B. Monroe 232.—*The Trustees, &c.* v. *Perkins*, 3 *id.* 437.—*Indianapolis* v. *Croas, supra*. The right to use a street in a town adjoining a lot abutting upon it, is as much property as the lot itself, and the legislature has as little power to take away one as the other. Whether the act of dedication transfers the fee from the donor to the public, is not a material inquiry. That question was considered in the cases of *Cincinnati* v. *White*, 6 Pet. 431, and *Barclay* v. *Howell's Lessee, id.* 498. In the former case, it is said, that after the dedication and the acquisition of private rights with reference to it, the law considers it in the nature of an estoppel *in pais*, which precludes the original owner from revoking the dedication. What *Harrison* could not resume, he could not, of course, grant to another.

We are next to consider whether the facts proved entitled the plaintiff to damages; and this results from the settlement of the previous question, and from other authorities on the same point. In the matter of *Lewis Street*, 2 Wend. 472, *Savage*, C. J., laid down the rule, that when a lot is sold, bounded upon a street, designated as such on a map of the city, or on a map made by the owner of lands in reference to which sales are made, a covenant may well be implied that the purchaser shall have an easement or right of way in the street, to the full extent of its dimensions.

In the later case of *Livingston* v. *The Mayor of New-York*, 8 Wend. 85, the principle above announced was re-examined in the Supreme Court, and afterwards, at great length, in the Court of Errors of *New-York*, and was unani-

Nov. Term,
1855.

mously affirmed.   See also, *Bingham* v. *Doane*, 9 Ohio 165. There are numerous other authorities to the same point. These decisions establish the principle, that besides the right of way which the public has of passage over a street in a town or city, there is a private right which passes to the purchaser of a lot upon the street, and as appurtenant to it, which he holds by implied covenant that the street in front of his lot shall forever be kept open to its full width.

By necessary consequence, the invasion of this right entitled the plaintiff to nominal damages, at least; but as no special damages were proved, the verdict for 92 dollars can not be sustained.

If the appellee shall remit the damages exceeding one cent, the judgment of the Circuit Court will be affirmed; otherwise it will be reversed.

*Per Curiam.*—The damages exceeding one cent, having been remitted, the judgment is affirmed with costs.

*B. F. Gregory, J. R. M. Bryant* and *R. A. Chandler*, for the appellants.

*R. C. Gregory* and *R. Jones*, for the appellee.