May Term,
1861.

WILLIAMS
v.
WILEY.

---

### WILLIAMS v. WILEY.

An express dedication of property to a public use is made by a direct appropriation of it to such use.

A dedication of property to public uses may be implied from the acts of the owner.

Monday,
June 10.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—*Wiley* sued *Williams* and *Scribner*, alleging that a way called " *Upper Sixth Street*," running from *Upper High Street* to *Market Street*, in the city of *New Albany*, was obstructed by said defendants; that said " *Upper Sixth Street*" had been dedicated to public use by the owners, being thirty feet wide, off the west side of out lot *C.*, and had been used as such more than twenty years, &c.; that plaintiff owned a portion of lot *C.*, situated between *High* and *Market Streets*, and bordering on said thirty feet so dedicated, &c.

Answer: General denial. Trial by the Court, and finding for the plaintiff, against *Williams*, and in favor of *Scribner*.

The question raised upon the motion for a new trial, is as to the sufficiency of the evidence to show a dedication of the thirty feet named.

A dedication is a solemn appropriation. It may be express, or implied. An express dedication of property to public use is made by a direct appropriation of it to such use. 2 Peter's R. 566; 6 Hill, N. Y. 407; 7 Ind. 38. A dedication of property to public uses may be implied from the acts of the owner. See 2 Smith's Leading Cases, 94; 2 Pick. 162; 2 Ver. R. 480; 1 E. C. L. 34; 14 *id.* 39; 1 Blackf. 44; 2 Wend. 472; 8 *id.* 85; 11 *id.* 486; 6 Pet. 431; 12 Wheat. 585; 10 Pet. 662; 11 Ala. R. 63, 81; 8 Miss. 448; 24 Pick 71; 3 Kent. 450; *Gwynn* v. *Homan*, 15 Ind. 201.

As the record does not, in view of the rules of this Court, profess to contain all the evidence given on the trial of the cause, we are unable positively to decide the question attempted to be raised, as to whether there was a dedication either express or implied. But so far as the evidence does appear in the record, we are inclined to think that it tends to sustain the finding of the Court to such an extent as to preclude us from disturbing the judgment, even if that part so incorporated includes all given on the trial.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. Crawford*, for the appellant.

*Collins* and *Lafollett*, for the appellee.