JAMES P. HORTON ET AL. v. HENRY M. WILLIAMS.

*Municipal corporations—Vacation of alleys—Right of abutting*
*owners to compensation—Motive of council—Validity*
*of proceedings.*

1. Abutting lot-owners have an interest in the land embraced in
   a public alley, and the city council has no right, under How.
   Stat. § 2622, which authorizes it to vacate alleys in the city

99  423
113  688
99  423
117  388
99  ·423
144  ³555
99  423
d151  ¹503

whenever it shall deem the same a public improvement, and provides that if, in so doing, it shall be necessary to take or use private property, the same may be taken in the manner provided for taking private property for public use, to vacate a portion of said alley, without first compensating said abutting lot-owners for any damages by them sustained, though their lots may not abut upon the portion so vacated.

2. It is a fatal objection to the action of the city council in vacating a portion of a public alley that the proceedings show upon their face that the inducement for the council's action was the division of the property attempted to be acquired by the vacation between the moving party in the vacation proceedings and the city.

3. The following propositions are summarized from the opinion of Chief Justice McGRATH:

a—An alley is not meant primarily as a substitute for a street, but only as a local accommodation to a limited neighborhood, and the public has no general right of way through it; citing *Paul v. City of Detroit*, 32 Mich. 108; *Beecher v. People*, 38 Id. 289; *Bagley v. People*, 43 Id. 355.

b—When the owner of a parcel of land plats it into lots, and lays out streets and alleys thereon, and dedicates the same to public use, and conveys by reference to the recorded plat, the grantee acquires by such conveyance, not only the title to the lot conveyed, but the right to the use of the ways dedicated for the purposes of ingress and egress, and the beneficial use and enjoyment of the lot conveyed; citing *In re Lewis Street*, 2 Wend. 472; *Livingston v. Mayor*, 8 Id. 85; *Haynes v. Thomas*, 7 Ind. 38; *Rhea v. Forsyth*, 37 Penn. St. 503; *Clements v. Village of West Troy*, 16 Barb. 251.

Appeal from Ingham. (Person, J.) Argued November 16, 1893. Decided March 27, 1894.

Bill to restrain the erection of a building in a public alley. Complainants appeal. Decree reversed, and one entered for complainants. The facts are stated in the opinion.

*Arthur D. Prosser,* for complainants.

*Cahill & Ostrander,* for defendant.

McGRATH, C. J. Complainants, who are owners of

property abutting upon an alley in the city of Mason, file
this bill to enjoin defendant from erecting a building in
one of the main outlets of said alley. Complainants own

lots Nos. 1, 2, 4, 8, and 9. The alley between A and B
streets is 33 feet wide. The alley running from Ash street
to Maple street is 8 feet wide. The block was platted in
1838, by one Noble. Since that time said alley has been
used as a way to and from B street. The 8-foot alley,
beginning at the alley in question, and running south to
Ash street, is a private alley, and is impassable, by reason
of a platform and stairway at the rear of the store occu-
pied by Howard & Son; and the 8-foot alley running from
the alley in question north to Maple street is a private
alley, and at times impassable, by reason of various articles
placed therein for purposes of convenience by occupants
of stores adjoining the same. If the east 66 feet of said
alley is occupied with a building, as proposed by defend-

ant, all means of ingress and egress through that part of said alley to the main business street of said city, heretofore used by complainants, will be entirely cut off, and complainants claim that their said property will thereby be depreciated in value.

In 1866, Noble conveyed to one Barnes certain other blocks and lots in this same subdivision. The deed contained a general clause conveying all other lands in the subdivision "not heretofore sold and conveyed" by Noble. In April, 1892, defendant procured from Barnes a deed covering the lands in the alley. Defendant also obtained from the owner of the lot adjoining the vacated strip on the south a deed of all interest in the alley.[1] In May, 1892, defendant made a proposition to the common council of the city of Mason that, if said council would vacate the east 66 feet of said alley, he would construct a brick building therein, and devote the south 14 feet of the lower story and a part of the upper story of said building to the use of said council by lease for 99 years, or would convey to said city said portion of said building by quitclaim deed. On May 9, 1892, the common council adopted the following resolution:

"*Resolved* by the common council of the city of Mason, that it is advisable to vacate, discontinue, and abolish the east 66 feet of the alley running between lots five (5) and ten (10), block thirteen, in the city of Mason, according to the original recorded plat thereof, and that said common council will meet on Monday evening, June 13, at the council room, to hear all objections that may be urged against said vacating, discontinuing, and abolishing said 66 feet of said alley. All objections to be in writing, and filed with the city clerk."

A meeting to consider any objections that should be made was held, and at such meeting 8 of the 10 owners

---

[1] Defendant was himself the owner of the land adjoining said strip on the north.

and 23 others appeared, and filed a written protest against such vacation. On June 13, 1892, defendant entered into an agreement with the city, which recites that, in consideration of the vacation of the east 66 feet of the alley, Williams agrees that he will carry out the proposition made by him as aforesaid. Afterwards, on June 20, 1892, the council adopted the following resolution:

"*Be it resolved* by the common council of the city of Mason, that the east 66 feet of the alley running between lots 5 and 10, of block 13, of the city of Mason, be, and the same is hereby, vacated, discontinued, and abolished, and that said vacating, discontinuing, and abolishing of said east 66 feet of said alley is a public improvement."

It is admitted that the east 66 feet of said alley is worth, for business purposes, at least $2,500.

The sections of the statute under which the council is supposed to have acted are as follows:

"Sec. 2622. The council shall have authority to lay out, open, widen, extend, straighten, alter, close, vacate, or abolish any highway, street, or alley in the city, whenever they shall deem the same a public improvement, and if, in so doing, it shall be necessary to take or use private property, the same may be taken in the manner in this act provided for taking private property for public use."

"Sec. 2623. When the council shall deem it advisable to vacate, discontinue, or abolish any street, alley, or public ground, or any part thereof, they shall by resolution so declare, and in the same resolution shall appoint a time, not less than four weeks thereafter, when they will meet and hear objections thereto."

An alley is not meant primarily as a substitute for a street, but only as a local accommodation to a limited neighborhood, and the public has no general right of way through it. *Paul v. City of Detroit*, 32 Mich. 108; *Beecher v. People*, 38 Id. 289; *Bagley v. People*, 43 Id. 355. Hence a claim made by a number of that limited neighborhood is not open to the objection that their injury is of a like

character to that to which any member of the community is subjected, differing only in degree.

The cases of *Phillips v. Highway Commissioner*, 35 Mich. 15; *Goss v. Highway Commissioner*, 63 Id. 608; and *Kimball v. Homan*, 74 Id. 700,—recognize the rights of persons the access to whose property may be disturbed by vacation proceedings. In the last case cited it is said:

" We have always regarded a person as having property adjoining a discontinued way when, although the body of his land does not touch it, there is no way of access reasonably open to him except by some passage opening into it, when the intermediate passage may be properly regarded as a continuation of his possession."

It is well settled that when the owner of a parcel of land plats the same into lots, laying out streets and alleys thereon, dedicating the same to public use, and recording said plat, and then conveys by reference to said plat, the grantee acquires by such conveyance not only the title to the lot conveyed, but the right to the use of the ways dedicated for the purposes of ingress and egress, and the beneficial use and enjoyment of the lot conveyed. *In re Lewis Street*, 2 Wend. 472; *Livingston v. Mayor*, 8 Id. 85; *Haynes v. Thomas*, 7 Ind. 38; *Rhea v. Forsyth*, 37 Penn. St. 503; *Clements v. Village of West Troy*, 16 Barb. 251. Property does not consist merely in the right to the soil, but in the right, as well, to its beneficial use and enjoyment. *Grand Rapids Booming Co. v. Jarvis*, 30 Mich. 320. In *Kimball v. Homan, supra*, Mr. Justice CAMPBELL says:

" Each plat stands by itself, and in vacating any portion of it the persons concerned are always regarded as those owning property in the plat itself."

It can hardly be said that the easement acquired by such a conveyance is a mere right of way in the street frontage only. What is acquired is a right of ingress and egress,

and such access as the plat and dedication provides,—a right of way in the street upon which the lot abuts. It is not a license merely, but an easement appurtenant to and running with the land. It does not arise alone from the necessities of the grantee, and lie by implication, but rests in express grant, evidenced by the conveyance referring to the plat.· When a right of way has become appurtenant to a dominant estate, a conveyance of that estate carries with it the easements belonging to it, whether mentioned in the deed or not, although not necessary to the enjoyment of the estate by the grantee. 2 Washb. Real Prop. 29; *Kent v. Waite*, 10 Pick. 138; *Webster v. Stevens*, 5 Duer, 553. In *Haynes v. Thomas*, 7 Ind. 38, the building had· been erected 60 feet from the plaintiff's lot, under a vacation by act of the legislature; but it was held that the right to use the street was as much property as the lot itself, and .the legislature had as little power to take away the one as the other. In *Re Lewis Street*, 2 Wend. 472, the court say a covenant may well be implied that the purchaser shall have an easement or right of way in the street to the full extent of its dimensions. Complainants have an interest ·in the land embraced in this alley, and the taking thereof can only be effected by a proper regard for the constitutional provision respecting the taking of private property.

There is another and fatal objection to the proceeding taken by the common council. It shows upon its face that the inducement for the council's action was the division of the property attempted to be acquired by the vacation between the defendant and the city. The council was set in motion by the defendant, whose apparent motive was to procure a valuable frontage for his own use, and in order to secure it he proposed to the council to divide the land acquired. It was held in *Shue v. Highway Commissioner*, 41 Mich. 638, that every road must be opened

or closed upon its own merits. "It is easy to see," say the Court, "how great mischief and wrong might be done by uniting several different schemes. * * * Combinations of separate interests are not allowed." The affidavits of the five aldermen who voted for the resolution of vacation appear in this record, and, while they depose that the alley was unsightly, they also say that the city would thereby acquire a valuable property interest in the way of a city hall and engine house, without expense to the city. The same motive might suggest the vacation of any street. The advantage which the public derives from the discontinuance of a way must arise from the vacation itself, rather than from the use to which the property is put, or from the fact that the city, through a deal with the individual specially interested, is to have an interest in the property acquired by such vacation. A city cannot barter away streets and alleys, nor can it do indirectly, by invoking its power of vacating ways, what it cannot do directly. Streets and alleys are not to be vacated at the instance of individuals interested only in the acquisition of the vacated property, and the exercise of legislative discretion in such matters must, at least upon the face of the record, be free from affirmative evidence that such discretion was invoked for individual gain, and its exercise influenced by an offer to divide the property acquired.

The decree below is therefore reversed, and a decree entered here for complainants, with costs of both courts.

LONG, MONTGOMERY, and HOOKER, JJ., concurred with McGRATH, C. J. GRANT, J., concurred in the result.