SCHMOLT *v.* NAGEL.

MUNICIPAL CORPORATIONS—DETROIT CHARTER—ALLEYS—CHANGE
—AUTHORITY OF COUNCIL.

Though under its charter (section 169, Charter of 1904) the
authority of the common council of Detroit over alleys is not
absolute, a change in the location of an alley for the benefit
of a landowner will not be enjoined where as a means of in-
gress and egress the alley as changed will furnish the same
service as before, and the change will be more likely to en-
hance than impair the market value of the lot of the princi-
pal objector.

Appeal from Wayne; Brooke, J.  Submitted Novem-
ber 14, 1907.  (Docket No. 23.)  Decided March 17, 1908.

Bill by Rudolph Schmolt and others to enjoin Ludwig
Nagel and others, trustees, from closing an alley.  From
a decree dismissing the bill, complainants appeal.
Affirmed.

*Thomas Hislop,* for complainants.

*Wesley L. Nutten* and *Theodore J. Richter,* for de-
fendants.

CARPENTER, J.  Complainants and defendants own all
the property in block 29, James Campau subdivision, city
of Detroit.  This block is bounded on the north by Scott
street, on the east by Chene street, on the south by Pierce
street, and on the west by Dubois street.  According to
the original plat there was an alley in said block running
north and south parallel to Chene street and 100 feet west
therefrom, and another alley of the same width in the
center of the block running from said north and south
alley westerly to Dubois street.  Defendants own all the
property fronting on Chene street and also a lot across
the alley therefrom situated on Pierce street.  The society

of which defendants are trustees is unincorporated. It maintains a church and school on its said property. Desiring additional space for a school yard, said society petitioned the common council of the city of Detroit to close that portion of the north and south alley between its property fronting on Chene street and its property on Pierce street. The common council gave notice to the parties interested; a hearing was had and it was agreed that if the defendants would convey from the westerly side of its lot fronting Pierce street a strip 18 feet wide for alley purposes, the prayer of the petition would be granted. This conveyance was made by the defendants to the city, and the common council thereupon passed the resolution closing the alley. The bill is filed to enjoin the carrying out of the proposed scheme. The case was heard in the circuit court upon pleadings and testimony taken in open court, and a decree entered dismissing complainants' bill. Is that decision correct? is the only question for our consideration.

The charter of the city of Detroit provides:

"The common council   *   *   *   shall have power to establish, open, widen, extend, straighten, alter, vacate, and abolish highways, streets, avenues, lanes, alleys, and public grounds or spaces within said city." Detroit Charter (1904), § 169.

Under this provision the authority of the common council is not absolute. This is shown by our decision in *Horton* v. *Williams*, 99 Mich. 423, a case upon which complainants rely. That case is, however, clearly distinguishable from the one at bar. There by closing a part of an alley, the remainder was converted into a cul-de-sac and complainants practically deprived of ingress and egress to the rear of their several lots. No such result is effected by the contemplated change in the case at bar. As a means of ingress and egress the alley as changed will furnish the same service as heretofore. The grievance of complainants is purely fanciful, and not one to be redressed by injunction.

Special attention should be paid to the alleged grievance of the first-named complainant, Rudolph Schmolt. He owns a lot immediately adjacent to the proposed alley. It is his claim that he is especially affected by the change because theretofore his lot did not abut on an alley. The grounds of his complaint should be noted. They are not sentimental. They are these: He fears (a) that heavy coal wagons turning from the new alley to the east and west alley will injure his barn; and (b) that the adjacent alley will actually impair the market value of his property. We are convinced that each of these apprehensions is groundless. There is abundant turning space for the coal wagons. There is no reason to believe that they will strike his barn, and if they should, it would be the result of carelessness for which he can obtain compensation. Nor is the claim that the alley will impair the market value of his property established by the testimony. This is a congested portion of the city and the evidence in the case indicates that the proximity of the alley, insuring, as it would, space and light on one side of his house, will enhance its market value rather than impair it. In a locality like this an adjacent alley is less objectionable (at least from a pecuniary point of view) than a building— and if the alley were not there a house would almost certainly be erected—which would cut off light and air. The case is governed by *Bauman* v. *City of Detroit*, 58 Mich. 447.

The decree is affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.