SWANTECK *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—ALLEYS—POWER TO VACATE—DAMAGES.
On a bill to enjoin the vacation of an alley adjoining plaintiff's premises, where it appeared that such vacation would result in a benefit to his premises either by adding thereto the vacated alley or by furnishing him a paved area in the rear of his property causing it to increase in value, *held*, that the bill was properly dismissed.

Appeal from Wayne; Codd, J. Submitted January 18, 1917. (Docket No. 116.) Decided May 31, 1917.

Bill by John C. Swanteck and another against the city of Detroit and others to restrain the vacation of a public alley. From a decree for defendants, plaintiffs appeal. Affirmed.

*Denton Guinness,* for plaintiffs.

*Harry J. Dingeman,* for defendant City of Detroit.

*William Van Dyke* for defendants St. Hyacinth church, Holkiewicz and Foley.

Outlot No. 73, Patterson subdivision of the McDougall farm, occupies an entire block bounded on the north by Frederick street and on the south by Farnsworth street, on the west by McDougall avenue and on the east by Elmwood avenue. It is approximately 257 feet north and south by 444 feet east and west. As originally platted there was an. alley parallel with McDougall avenue 113.4 feet easterly from McDougall avenue 18 feet wide, running north and south from Farnsworth to Frederick. In the middle of the block between Farnsworth and Frederick another alley running east and west 20 feet wide connected Elmwood avenue with the north and south alley. The defendand St. Hyacinth church, having acquired certain property on both sides of the north and south alley, secured from the common council of the city of Detroit the passage of a resolution vacating the northerly one-half of said north and south alley in the year 1908. Later the church acquired further property facing McDougall avenue on the west and Farnsworth avenue on the south, so that at the time of the proceedings complained of it was the owner of the entire westerly one-half of said block 73, with the single exception of lot No. 12, which lot, located at the northeast corner of McDougall avenue and Farnsworth street, is the property of the plaintiffs in this case. Said lot abuts on McDougall avenue with a frontage of approximately 33 feet, upon Farnsworth avenue with a frontage of 113.4 feet, and upon the north and south alley between Farnsworth and Frederick. The church authorities, having made an abortive effort to purchase from plaintiffs lot No. 12, petitioned the common council in July, 1915, for a vacation of the remaining portion of the north and south alley between Farnsworth and Frederick streets and for that portion of the east and

west alley lying between the lots owned by the church. Accompanying the petition was a proposition to dedicate a new alley 18 feet wide running north and south from Farnsworth street to the east and west alley and being the easterly 18 feet of lot 16. This petition came on for consideration before the committee on street openings, and after three meetings the committee recommended to the common council that the prayer of the petition be granted, whereupon the following resolution was unanimously passed by the common council:

"Resolved that 'all of the public alley 20 feet wide lying north of and parallel with Farnsworth avenue and west of the east line of the west 12 feet of lot 16, Patterson's subdivision of O. L. 73, McDougall farm, also all of the public alley 18 feet wide lying east of and parallel with McDougall avenue and between the south line extended of lot 4 of subdivision last mentioned and the north line of Farnsworth avenue,' be, and the same are hereby, vacated to become part and parcel of the adjoining lots: Provided, petitioner deeds to the city of Detroit 'the east 18 feet of lot 16 of Patterson's subdivision of O. L. 73 McDougall farm,' according to the plat recorded in Liber 15 of plats on page 90, Wayne County Records, for alley purposes."

After said action was taken, and on February 25, 1916, the plaintiffs herein filed their bill of complaint, wherein they pray that a decree may be entered requiring the common council to rescind its action in vacating said alley and for a perpetual injunction restraining said common council from vacating said alley or any part thereof. A preliminary injunction was granted, but upon an early hearing upon the merits the injunction was dissolved, and plaintiffs' bill dismissed. From the decree entered, plaintiffs appeal.

BROOKE, J. (*after stating the facts*). At the hearing the defendants offered in open court to pay to the plaintiffs $17,000 for their property. They likewise

offered to leave an open space behind plaintiff's property 30 feet by 32 feet and to pave the same as an alley or *cul-de-sac*. As a further alternative they offered to leave an alley immediately north of Farnsworth street and behind plaintiffs' property 18 feet wide to the contemplated alley running north and south between Farnsworth street and the east and west alley. None of these propositions were acceptable to the plaintiff, who gave testimony to the effect that the closing of the alley would, in his opinion, damage him to the extent of $200 per annum. Evidence was introduced on behalf of defendants as to the value of plaintiffs' property and as to whether the proposed closing would effect an appreciation or depreciation in such value. From such evidence it would seem that plaintiffs' property was not worth to exceed $16,000, and that by adding to the lot the 9 feet from the vacated alley behind it it would be actually more valuable than it is in its present condition.

The learned circuit judge found as a matter of fact that the plaintiffs would not be injured in their property rights by the closing of said alley, and further found that:

"No testimony has been adduced by plaintiffs to show any damage to their property by this action, and the obvious purpose of these proceedings is to obtain an exorbitant price for their property, which I do not think it is the province of a court of equity to assist."

The charter of the city of Detroit (1904) provides:

"The common council * * * shall have power to establish, open, widen, extend, straighten, alter, vacate and abolish highways, streets, avenues, lanes, alleys and public grounds or spaces within the city." Chapter 7, § 33.

Counsel for appellants rely particularly upon the case of *Horton* v. *Williams*, 99 Mich. 423 (58 N. W. 369). That case was considered and distinguished in

this court in the case of *Schmolt* v. *Nagel,* 151 Mich. 502 (115 N. W. 411). We there said:

"The grievance of complainants is purely fanciful, and not one to be redressed by injunction."

This language is, in our opinion, exactly applicable to the facts in the case at bar. We reach this conclusion for the following reasons: Plaintiffs' lot is a corner lot abutting on two streets. Upon the vacation of the alley plaintiffs may either build upon the 9 feet added to their lot, or, accepting the proposition of the defendants, secure a paved, open space behind their lot 30 by 32 feet in area. Plaintiffs have shown no injury.

The decree is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and FELLOWS, JJ., concurred. MOORE, J., did not sit.