KIRBY TERMINAL COMPANY *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—VACATION OF PLATS—ALLEYS—PARTIES IN INTEREST.

The persons concerned in the vacation of a part of a plat including alleys therein are the owners of property within the plat itself and not those who may have property abutting streets which continue into the plat.

2. CONSTITUTIONAL LAW—DEPRIVATION OF PROPERTY—VACATION OF ALLEYS IN OTHER PLATS.

The vacation of alleys in one plat by the municipal authorities does not constitute an unconstitutional deprivation of the property of property owners in other plats (US Const, Am 14; Mich Const 1908, art 2, § 16, art 13, §§ 1, 2).

3. MUNICIPAL CORPORATIONS—DISCRETION OF OFFICERS—FRAUD—COLLUSION.

The exercise of the limited discretionary authority vested in a home-rule city to vacate alleys in a plat will not be disturbed in the absence of abuse, fraud or collusion (Const 1908, art 8, § 28; Detroit Charter, title 3, ch 1, § 12, subs [g]).

4. SAME—VACATION OF ALLEYS—OWNER OF LAND IN ABUTTING SUBDIVISIONS—DAMAGES—INJUNCTION.

The owner of land in a subdivision abutting that in which alleys are sought to be vacated *held,* to have failed to disclose a substantial appurtenant right to the use of the alleys involved, hence, it was neither entitled to damages for their vacation nor to injunctive relief to prevent such action.

5. APPEAL AND ERROR—CHANCERY CASES—FINDINGS OF TRIAL COURT.

The finding of the trial court in a chancery case is accorded great weight by the Supreme Court on its *de novo* review,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Highways §§ 122, 153.
[2] 25 Am Jur, Highways § 118.
[3, 4] 25 Am Jur, Highways § 122.
[5] 3 Am Jur, Appeal and Error § 912.

as he has had the opportunity of hearing and seeing the witnesses.

6. SAME—DE NOVO REVIEW—FRAUD—ESTOPPEL.

The *de novo* review of record presented in suit to enjoin vacation of alleys in subdivision adjacent to that in which plaintiff owned land *held,* not to disclose a reason for setting aside trial judge's finding of the nonexistence of fraud and estoppel.

7. INJUNCTION—BONDS—COSTS—CROSS APPEAL.

Cost of bond in addition to usual taxable costs is allowed defendant in suit, wherein plaintiff abandoned the allegations upon which the Supreme Court recommended the filing of the bond, and plaintiff was held not entitled to injunctive relief, notwithstanding such defendant took no cross appeal.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 13, 1954. (Docket No. 50, Calendar No. 46,024.) Decided April 5, 1954.

Bill by Kirby Terminal Company, a Michigan corporation, against the City of Detroit, a municipal corporation, The Fifty Two Corporation, Acme Auto Batt Company, and Acme Mills Company, Michigan corporations, to set aside proceedings vacating alleys and restraining obstructions thereon. Bill dismissed. Plaintiff appeals. Affirmed.

*Donald W. Grant,* for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, and *Frederick E. Byrd,* Assistant Corporation Counsel, for defendant City of Detroit.

*Irwin I. Cohn (John Sklar,* of counsel), for defendant The Fifty Two Corporation.

*Friedman, Meyers & Keys (Herbert Sott,* of counsel), for defendants Acme Auto Batt Company and Acme Mills Company.

BUSHNELL, J. Plaintiff Kirby Terminal Company is the owner of property in the city of Detroit, bounded on the south by Warren avenue, on the north by Kirby and Grand River avenues, on the east by Loraine avenue (formerly Humboldt), and on the west by Lawton avenue. Part of this property is in the George Paine Subdivision and some of it is a part of Private Claims 474 and 338.

Defendants, The Fifty Two Corporation, Acme Auto Batt Company and Acme Mills Company, are owners of lots fronting on the west side of Loraine avenue. These lots are located in Hubbard and Dingwall's Humboldt Avenue Subdivision. The location of the various properties, together with spur railroad tracks lying between plaintiff's and defendants' properties, are shown on exhibit A, which is reproduced herein

Kirby, by a bill in equity in which the city of Detroit was joined with the other defendants, sought a decree setting aside the proceedings of the common council of the city of Detroit, vacating certain alleys wholly within the subdivisions in which defendant corporations' property is located. It also sought an injunction restraining the defendants from obstructing the free use of these alleys and damages in the sum of $100,000 as compensation for the loss of the use and enjoyment of the alleys in question during the pendency of this suit, which was instituted on November 3, 1950. An application for a temporary injunction was filed on October 15, 1951 to restrain defendant, The Fifty Two Corporation, from extending its building. This application was denied by the trial court on November 19, 1951. Upon application here for special leave to appeal, a temporary restraining order was issued, but upon the later filing of a surety bond of $10,000 the injunction petition was withdrawn.

Exhibit "A"

After hearing below, a decree was entered dismissing plaintiff's bill of complaint. The trial judge filed an 18-page, clear and comprehensive, opinion, which might well be accepted and adopted as the opinion of this Court. However, we prefer to answer the questions raised by appellant Kirby.

Appellant does not question, and it was so stipulated below, that the alleys here involved were entirely on properties owned by the defendant corporations and their predecessors in title, and that upon their vacation the property embraced in the alleys reverted to the owners of the lots from which they were formed, in compliance with the plat act. (CL 1948, §§ 560.1, 560.65 [Stat Ann 1953 Rev §§ 26.431, 26.495].) Plaintiff, nevertheless, contends that, as the owner of property abutting thereon, it has acquired proprietary rights in these alleys of which it may not be deprived, except in accordance with the constitutional guaranties of section 1 of the Fourteenth Amendment to the Constitution of the United States, and article 2, § 16, and article 13, §§ 1 and 2 of the Constitution of Michigan (1908).

In support of this contention it cites *Grand Rapids & Indiana R. Co.* v. *Heisel,* 38 Mich 62 (31 Am Rep 306). The portion of the opinion in that case, quoted in appellant's brief, is taken out of its context and does not conform to the holding therein. In that case, Heisel, who was the plaintiff below, was an abutting property owner but owned no part of the fee in the street occupied by defendants' railroad tracks. It was there held that an action for damages on a nuisance theory could be maintained, but it was definitely pointed out that, because of plaintiff's lack of title to any part of the street, there could be no diminution in the value of his estate and, therefore, is was a case of *damnum absque injuria.*

The following authorities, among many others cited by plaintiff involving vacation of streets and al-

leys, are : *Tomazewski* v. *Palmer Bee Co.*, 223 Mich 565; *Phelps* v. *Stott Realty Co.*, 233 Mich 486; *Roberts* v. *City of Detroit*, 241 Mich 71; *Burton* v. *Freund*, 243 Mich 679; and *Cady* v. *Oliver Farm Equipment Co.*, 259 Mich 161. In all of these cases the vacated property lay within the same subdivision and not without, as is the situation here. As early as *Kimball* v. *Homan*, 74 Mich 699, this distinction was noted, the Court in that case saying (p 703) :

"These plats are quite frequently made to fit in with adjoining ones, so that the highways in one are continuations of those in another. But each plat stands by itself, and in vacating any portion of it the persons concerned are always regarded as those owning property in the plat itself."

The rule applied in *Grand Rapids & Indiana R. Co.* v. *Heisel, supra*, was restated in the *Tomazewski Case, supra*, at pages 569, 570, at considerable length. We therefore refer to this statement without requoting it here. In *Pearsall* v. *Board of Supervisors*, 74 Mich 558 (4 LRA 193), it was held that the closing of a State road was a taking of property within the constitutional provisions relied on by that plaintiff. It was there alleged and proven that the vacation of the highway would deprive Pearsall of access to any highway. Here, Kirby's access to Warren, Lawton, Kirby and Grand River avenues is undisturbed. Therefore, the *Pearsall Case* is not in point on the facts here. Furthermore, the law applicable to alleys is distinct from that applicable to streets and highways. See *Bagley* v. *People*, 43 Mich 355 (38 Am Rep 192); *Krause* v. *Lewis*, 144 Mich 549; and *Roberts* v. *City of Detroit*, 241 Mich 71.

The constitutional question raised by plaintiff has been adjudicated in Michigan, and appellant's contentions cannot be sustained. In lieu of further dis-

cussion of this proposition, reference is made to the authorities heretofore cited and those annotated in 49 ALR 330; 68 ALR 1285; and 93 ALR 639.

Although plaintiff concedes that the Michigan Constitution (1908), art 8, § 28, and the charter of the city of Detroit (title 3, ch 1, § 12, subs [g]), vest in the city the power to vacate streets and alleys, it argues that this power is not unlimited. *Schmolt* v. *Nagel,* 151 Mich 502. That is true, but in denying injunctive relief in the *Schmolt Case* the Court held that a change in the location of the alley in question would work no additional hardship on plaintiff and, therefore, his grievance was without merit, notwithstanding the fact that his property was within the very same subdivision. See, also, *Swanteck* v. *City of Detroit,* 196 Mich 307.

It is elementary that the city has authority to vacate the alleys in the instant case, but it is also elementary that, in the absence of abuse, fraud or collusion, such discretionary authority will not be disturbed. *Buhl* v. *Union Depot Co.,* 98 Mich 596 (23 LRA 392); *Curtis* v. *Charlevoix Golf Assn.,* 178 Mich 50; *Tomazewski* v. *Palmer Bee Co., supra; Roberts* v. *City of Detroit, supra; Phelps* v. *Stott Realty Co., supra.*

In *Cady* v. *Oliver Farm Equipment Co.,* 259 Mich 161, relied upon by plaintiff here, it was determined that a notice similar to the one in the instant case was sufficient, and that it is not even required that notice should be given. *Roberts* v. *City of Detroit, supra.*

Although plaintiff may be an abutter in the strict sense of the word, it is, nevertheless, the owner of land lying wholly outside the subdivisions in which the alleys in question were located; and under the facts presented in this record, plaintiff's abutting rights do not disclose a substantial appurtenant right to the use of those alleys. Therefore, no tak-

ing of property contrary to constitutional safeguards has been effected. See *Roberts* v. *City of Detroit, supra.* The controlling question of whether Kirby as an abutting owner of property in another subdivision may have injunctive relief to prevent the closing of alleys in adjacent subdivisions must be answered in the negative.

The secondary questions of fraud and estoppel were completely disposed of in the trial judge's opinion. Although we hear chancery cases *de novo,* nevertheless the finding of the trial court, who had the opportunity of hearing and seeing the witnesses, is entitled to great weight. *Albert* v. *Gamble-Skogmo, Inc.,* 335 Mich 539; *Harris* v. *Copeland,* 337 Mich 30. Our examination of the record discloses no reason to set aside the finding of the nonexistence of fraud and estoppel.

Defendant, The Fifty Two Corporation, has not taken a cross appeal, but raises in its brief the question of whether it is entitled to the cost of the surety bond it obtained in order to proceed with its building operations. In view of Kirby's abandonment of the allegations upon which we recommended the filing of that bond, it appears to be equitable to allow the costs of this bond to defendant The Fifty Two Corporation, in addition to the usual taxable costs.

The decree below is affirmed, with costs to appellees.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.