FORSTER v CITY OF PONTIAC

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—VACATION OF
   HIGHWAYS OR ALLEYS—CONSTITUTIONAL LAW—DUE PROCESS—
   LEGISLATIVE AUTHORITY.

   Municipal action vacating an alley or highway may be constitu-
   tionally objectionable as a taking of private property without
   due process or just compensation; even though some Michigan
   cases have asserted that such action by a municipality is
   legislative in nature and judicially reviewable only for fraud,
   collusion or abuse of discretion.

2. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—VACATION OF
   HIGHWAYS OR ALLEYS—CONSTITUTIONAL LAW—DUE PROCESS—
   SUBSTANTIAL PROPERTY RIGHTS—EMINENT DOMAIN—CITY CHAR-
   TERS.

   The law to be applied in determining the merits of a constitu-
   tional challenge to municipal action vacating an alley or high-
   way is if the vacating or changing is of such a character that it
   deprives any abutting owner of a *substantial right* appurtenant
   to his property, resort must be had to due process of law
   incident to the exercise of eminent domain; but if it clearly
   appears that the proposed change in vacating a portion of an
   alley is to be brought about in such a manner that it does not
   deprive an owner of any substantial right appurtenant to his
   property, such change can be made as a matter of right by the
   municipality, because the control of the streets and alleys is
   vested in the municipality by the Constitution, and in some
   instances, also by the city charter.

3. MUNICIPAL CORPORATIONS—VACATION OF ALLEYS—SUBSTANTIAL
   PROPERTY RIGHTS—EMINENT DOMAIN—CONSTITUTIONAL LAW—
   TAKING OF PRIVATE PROPERTY.

   The question of when municipal action vacating an alley deprives
   an objecting property owner of a "substantial right" so as to

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions §§ 120–122.
[5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions § 805.

require resort to eminent domain proceedings is necessarily *sui generis* and can only be properly answered on a case-by-case basis; however, prior decisions of the Michigan Supreme Court indicate that where such action deprives an abutting property owner of ingress to and egress from a portion of his land, the municipality must act with a proper regard for the constitutional provision respecting the taking of private property.

4. MUNICIPAL CORPORATIONS—VACATION OF ALLEYS—SUBSTANTIAL PROPERTY RIGHTS—EVIDENCE—FINDINGS OF FACT—APPEAL AND ERROR.

A trial court's findings which support the conclusion that plaintiff property owners were deprived of a substantial property right when a municipality vacated an alley that bordered the rear of their property will not be disturbed where the findings that there was evidence of uses of the alley by plaintiffs, that the vacation of the alley prevents plaintiffs from ingress or egress to the rear portion of their property, and that the vacation of the alley by the defendant city caused a material diminution in the value of plaintiffs' property, are based upon competent testimony.

5. COSTS—ATTORNEY FEES—COURT RULES—EXPERT WITNESSES—MUNICIPAL CORPORATIONS—VACATION OF ALLEYS—EVIDENCE.

Costs and attorney's fees were properly awarded pursuant to court rule to plaintiff property owners in their action against a city to prevent an alley which ran behind their business premises from being vacated where the court and parties agreed that each party would present expert testimony to assist the court in resolving the question whether the value of plaintiffs' land was adversely affected by the closing of the alley, and where the plaintiffs secured two expert witnesses and the city produced none; because of the city's failure to produce expert testimony, as agreed, it was the position of the court that the plaintiffs were unnecessarily put to the task of preparing a proof which the city effectively admitted at trial by failing to go forward with any opposing proofs, and this could lead to the conclusion that the city's denials were made without any factual basis, were unreasonable, and therefore should not have been made; the application of the court rule is discretionary with the trial court (GCR 1963, 111.6).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 June 6, 1974, at Lansing. (Docket No. 18102.) Decided November 7, 1974.

Complaint by Andrew E. Forster and Ellen L. Forster against the City of Pontiac and others to have the city commission's resolution ordering the vacation of an alley running behind plaintiffs' business premises invalidated. Judgment for plaintiffs. Defendants City of Pontiac and North Oakland Development Corporation appeal. Affirmed.

*John T. Rogers, P. C.,* for plaintiffs.

*Thomas E. Hunter,* Deputy City Attorney, for the City of Pontiac.

*Campbell, Lee, Kurzman & Leitman,* for North Oakland Development Corporation.

Before McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. On July 17, 1973, the trial court rendered a judgment in this case invalidating a resolution of the Pontiac City Commission which ordered the vacation of an alley running behind plaintiffs' business premises. The trial court's judgment was based on a finding that the resolution was constitutionally infirm because it deprived plaintiffs of a substantial property right without due process of law or just compensation. Defendant city appeals as of right.

Plaintiffs are the owners of two adjoining lots in a subdivision fronting on Woodward Avenue in the City of Pontiac. Each of the lots is 20 feet wide and 90 feet deep, and a single building, approximately 40 feet by 40 feet, occupies the front portion of both lots and houses plaintiffs' tool supply business. At the rear of the property an alley 20

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

feet wide and 1 block long runs parallel to Woodward Avenue and connects Nebraska Avenue on the south with Earlmoor Boulevard on the north.

On May 14, 1971, the City of Pontiac received a petition seeking the vacation of the alley in question. The petition was signed by the Superintendent of Operations and Equipment in the City's Department of Public Works. In the petition it was alleged that the closing of the alley would free the DPW of the need to clean and maintain the alley and would deprive the criminal element of a convenient and frequently used refuge from the minions of the law. Public hearings on the petition were held by both the City Commission and the City Planning Commission. During the course of those hearings, plaintiffs appeared and objected to the proposed closing of the alley. Thereafter, on August 31, 1971, the City Commission adopted a resolution vacating the alley. On December 4, 1971, plaintiffs instituted this action in Oakland County Circuit Court, seeking a judgment setting aside the resolution.

On June 20, 1973, a motion by plaintiffs for summary judgment was denied by the trial court because there existed one question of fact, specifically, whether plaintiffs' property was damaged by the vacation of the alley. All parties agreed that the outcome of the case depended upon the answer to this question and that expert appraisal testimony would be adduced at trial on this point. Although plaintiffs were prepared to produce such testimony at that time, the defendant city sought and obtained further time to procure expert testimony on the issue. Trial was set for July 17, 1973.

At trial, plaintiffs introduced expert testimony in support of their assertion that the closing of the alley adversely affected the value of their land.

Defendant city, however, failed to produce an expert witness to rebut plaintiffs' proofs and, in fact, offered no evidence at all on the point.

At the conclusion of trial, the court ruled in plaintiffs' favor and set aside the vacation of the alley. At the same time, the court ordered defendant city to pay plaintiffs' appraiser's fee in the amount of $1,000. Thereafter, plaintiffs moved for allowance of attorney's fees and costs; the city filed a response and the motion was argued before the trial court on August 1, 1973. After hearing opposing arguments, the court entered an order awarding plaintiffs attorney fees of $4,100 and costs in the amount of $256.52. From the foregoing judgment and award of costs and attorney's fees, defendant city appeals as of right.

The first issue before us is whether the trial court erred in setting aside the resolution vacating the alley on the ground that it deprived plaintiffs of a substantial property right without due process of law or just compensation.

Although a number of Michigan cases have asserted that municipal action vacating an alley or highway is legislative in nature and judicially reviewable only for fraud, collusion or abuse of discretion, *Phelps v Stott Realty Co,* 233 Mich 486; 207 NW 2 (1926); *Kader v City of Clawson,* 7 Mich App 380; 151 NW2d 844 (1967), it has long been recognized that such action may also be constitutionally objectionable as a taking of private property without due process or just compensation. *Tomazewski v Palmer Bee Co,* 223 Mich 565; 194 NW 571 (1923); *Roberts v Detroit,* 241 Mich 71; 216 NW 410 (1927). The law to be applied in determining the merits of such a constitutional challenge was succinctly stated in *Roberts v Detroit, supra,* pp 77–78:

"From a review of the above and other authorities the controlling element seems to be this: If the vacating or changing is of such a character that it deprives any abutting owner of a *substantial right* appurtenant to his property, resort must be had to due process of law incident to the exercise of eminent domain; but if it clearly appears that the proposed change in vacating a portion of an alley is to be brought about in such a manner that it does not deprive an owner of any substantial right appurtenant to his property, such change can be made as a matter of right by the municipality, because the control of the streets and alleys is vested in the municipality by the Constitution, and, in this instance, also by the city charter." (Emphasis supplied.)

This statement of the law is supported by, and echoed in 16A CJS, Constitutional Law, § 646(6), p 939, where it is noted:

"[I]f the vacating or changing of a street, highway, or alley is of such a character that it deprives any abutting owner of a *substantial right* appurtenant to his property, resort must be had to due process of law incident to the exercise of eminent domain, and he must be given notice and an opportunity to be heard. If, however, it clearly appears that the proposed change in vacating a portion of an alley or street is to be brought about in such a manner that it does not deprive an owner of any substantial right appurtenant to his property, such change can be made as a matter of right by the municipality because of its control of streets and alleys." (Emphasis supplied.)

The question of when municipal action vacating an alley deprives an objecting property owner of a "substantial right" so as to require resort to eminent domain proceedings is necessarily *sui generis* and can only be properly answered on a case-by-case basis. However, prior decisions of our Supreme Court indicate that where such action deprives an abutting property owner of ingress to

and egress from a portion of his land, the municipality must act with "a proper regard for the constitutional provision respecting the taking of private property". *Horton v Williams,* 99 Mich 423, 429; 58 NW 369 (1894); *Burton v Freund,* 243 Mich 679; 220 NW 672 (1928); *Cf. Schmolt v Nagel,* 151 Mich 502; 115 NW 411 (1908).

In the present case, the trial court found "that there was evidence of uses of said alley by plaintiffs[;] that the vacation of said alley prevents plaintiffs from ingress or egress to the rear portion of their said property" and "that the vacation of said alley by defendant City of Pontiac caused a material diminution in the value of plaintiffs' property". These findings of fact are based upon competent, though at times vigorously disputed, testimony. We cannot say with any assurance that we would have reached a different result had we been in the trial court's position. Accordingly, his findings in this respect, which support the conclusion that plaintiffs were deprived of a substantial property right, will not be disturbed. *Kirby Terminal Co v Detroit,* 339 Mich 155; 63 NW2d 601 (1954). The trial court's judgment, that the resolution vacating the alley denied plaintiffs due process of law, is therefore affirmed.

The remaining issue is whether the trial court erred in assessing costs and attorney fees against the city.

It will be recalled that during the hearing on plaintiffs' motion for summary judgment, the court and parties agreed that the only issue to be tried was whether the value of plaintiffs' land was adversely affected by the closing of the alley and that each party would present expert testimony to assist the court in resolving this question. Although plaintiffs secured the testimony of two

such expert witnesses, defendant city produced none. Because of defendant city's failure to produce expert testimony, as agreed, it was the position of the trial court that the plaintiffs were unnecessarily put to the task of preparing a proof which defendant city effectively admitted at trial by failing to go forward with any opposing proofs. This, thought the trial court, could lead to the conclusion that the city's denials were made without any factual basis, were unreasonable, and therefore, should not have been made. Accordingly, the trial court awarded plaintiffs costs and attorney's fees, pursuant to GCR 1963, 111.6, which provides:

"If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

As the rule itself indicates, its application is discretionary with the trial court. We cannot say that such discretion was abused in this case. In so holding we have not overlooked Judge (now Justice) LEVIN's scholarly discussion of this question in *State Farm v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). Judge LEVIN discusses at length the "costs of litigation" concept as it exists in the English system. However, because of the explicit agreement in this case, on the record, that the city would "procure and produce" an expert witness to testify as to the diminution of the value, thus forcing the plaintiffs to do so, the action of the city bordered on bad faith. We feel that our holding

here is totally within the thrust of the *Allen* case, *supra.*

Affirmed. Costs to plaintiffs.

All concurred.