MANUFACTURERS FOUNDRY CO. *v.* CITY OF HOLLAND.

1. MUNICIPAL CORPORATIONS—HOLLAND CHARTER—VACATING STREET.
   Under its charter, city of Holland had power to vacate part of street.

2. SAME—VACATING STREET—NULLIFICATION.
   That asserted purpose, inducing vacation of street, and acted on by city council, was made in good faith, forbids nullification by reason of subsequent events.

3. SAME—RECORD—PUBLIC IMPROVEMENT.
   Failure of city council to recite in record that it deemed vacation of part of street public improvement was not fatal to vacation if in fact it necessarily so found.

4. SAME—ADVISABILITY OF VACATING STREET NOT REVIEWABLE.
   Neither advisability or purpose of vacating part of street is subject to review by court unless vacation was abuse of power or brought about by fraud.

Reversion of title to original grantors upon vacation of public highway, see annotation in 18 A. L. R. 1008; 42 A. L. R. 236.

5. SAME—QUIETING TITLE—DEFENSES—REVERSION—PARTIES.

In suit against city to quiet title to part of street vacated by council and quitclaimed to plaintiff's grantor, city may not urge reversion to city's grantors, where they are not parties.

6. SAME—VACATING STREET—CONSIDERATION.

There is no merit in city's contention that vacation of part of street was without consideration, where property rights in another strip of land were acquired by abutting owner and opened as way in place of that vacated.

7. SAME—EXPEDIENCY OF VACATING STREET.

Vacation of part of street to allow enlargement of manufacturing plant of abutting owner was matter of expediency and within power vested in city council.

8. SAME—VACATION OF STREET MAY NOT ARBITRARILY BE SET ASIDE BY LATER COUNCIL.

Where city council, in exercise of vested power, vacated part of street and quitclaimed it to abutting owner, later council, believing that mistake had been made, may not arbitrarily set aside said action at expense of abutting owner.

Appeal from Ottawa; Pugsley (Earl C.), J., presiding. Submitted October 17, 1930. (Docket No. 107, Calendar No. 35,256.) Decided January 7, 1931.

Bill by Manufacturers Foundry Company, a Michigan corporation, against City of Holland, a municipal corporation, to enjoin interference with possession of a vacated portion of a street. Decree for plaintiff. Defendant appeals. Affirmed.

*Robinson & Parsons,* for plaintiff.

*Charles H. McBride,* for defendant.

WIEST, J. The bill herein was filed to enjoin defendant city and its officers from interfering with plaintiff's possession of premises, formerly a part of Ninth street in the city of Holland, and vacated

by the city council in 1920, and now claimed to be owned by plaintiff, and to quiet its title thereto. Defendant appealed from a decree granting the relief asked by plaintiff.

In behalf of the city, it is claimed that in 1897 the land was deeded to the city "to be used for the purpose of a public street and for no other purposes," and that the vacating of a part thereof by the city council was an abuse of discretion and void, and, if valid, plaintiff acquired no rights thereunder.

In 1920 owners of property in the vicinity petitioned the council to vacate the part of the street here involved, and it was vacated by that body. It was then believed that a contemplated enlargement of the Western Foundry Company plant (plaintiff's predecessor) would require that portion of the street, and public travel could be diverted and served by extending a 30-foot way to connect with Eighth street, near the point of vacation. The Western Foundry Company agreed to acquire property rights and open the way in case of vacation of the street. This was satisfactory to the adjacent property owners and the city council, and, upon vacation of the street, was carried out, and the city, by quitclaim deed, conveyed the vacated part of the street to the Western Foundry Company, at that time the abutting proprietor. The Western Foundry Company did not enlarge its manufacturing plant, and September 24, 1928, deeded its property, including the vacated part of the street, to the Manufacturers Foundry Company, plaintiff herein.

It is claimed in behalf of the city that highway and other needs now call for use of the strip in suit, and that its vacation was not specifically declared a public improvement by the council; that no consideration passed to the city; that the vacation was

induced by false and fraudulent representations of intended and needful use of the strip, and that, under the terms of the deed to the city, the strip, if it ceased to be used for the purpose of a public street, reverted to the grantors in such deed and could not vest in the abutting proprietors or be conveyed by the city, and, by cross-bill, asked that the quitclaim deed be declared void.

Under the city charter, the council, in 1920, had power to vacate the part of the street. The fact that the asserted purpose, inducing vacation, and acted upon by the city council, was made in good faith, forbids nullification by reason of subsequent events. It was believed at the time of the vacation that an expansion of the manufacturing plant would soon be made, and, when made, it would be necessary to occupy the strip vacated. The anticipated expansion has not yet come about. This, however, does not in and of itself restore the street.

But it is said that the charter conferred power upon the city council to "close, vacate, or abolish any highway, street or alley in the city whenever they shall deem the same a public improvement," and this required a recital that the council deemed the vacation a public improvement, and no such recital appears in the record of the proceedings of the council. The failure to so recite was not fatal if, in fact, the council necessarily so found. The advisability of the vacation is not subject to our review, neither is the purpose thereof, unless the act of vacation was an abuse of power or brought about by fraud. *Tomazewski* v. *Palmer Bee Co.*, 223 Mich. 565; *Phelps* v. *Stott Realty Co.*, 233 Mich. 486.

The city may not urge in defense reversion of the strip to the grantors in the deed to the city, for the grantors are not parties to this suit, and the decree

herein only quiets title as against assertion of title by the city. There is no merit in the point that the vacation was without consideration.

The circuit judge was right in holding that the vacation of the portion of the street in question was a matter of expediency and within power vested in the council, and, having been decided adversely to the present contentions of the city by the action of the council in 1920, is not a question for the court to decide at this time. There is also force in the following statement made by the court below:

"Neither am I inclined to think that cities may exercise their powers, as was done in this case by closing a street, and thereby vest, by operation of law, the title of the street in abutting property owners, confirm such action by a deed of the street to the abutting property owners, and then, a few years later, when a later council believe that a mistake has been made, arbitrarily decide that their predecessors in office did an unwise thing, and arbitrarily set aside their actions at the expense of abutting property owners."

The action of the council of defendant city in 1920 was valid.

The decree in the circuit is affirmed, with costs to plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.