CADY *v.* OLIVER FARM EQUIPMENT CO.

1. MUNICIPAL CORPORATIONS—VACATING STREET—FAILURE TO GIVE NOTICE—STATUTES.

Vacating part of street by officials of city organized under home-rule act was not invalidated by failure to give notice and public hearing, where not required to do so by either city charter or statute (1 Comp. Laws 1929, § 2228 *et seq.*).

2. SAME—INCONVENIENCE MERELY INSUFFICIENT CAUSE TO PREVENT VACATION.

That vacating part of city street will cause inconvenience to plaintiffs by causing them to travel farther to reach downtown section of city, *held*, not to prevent vacation if there is benefit resulting to public generally.

3. SAME—VACATING STREET WITHIN DISCRETION OF CITY—ABUSE OF DISCRETION—FRAUD.

Vacation of part of street to allow enlargement of manufacturing plant of abutting owner is within discretion of city commission (1 Comp. Laws 1929, § 2228 *et seq.*), and not to be interfered with by Supreme Court in absence of showing of fraud or abuse of discretion.

As to what justifies discontinuance of highway, see annotation in 68 A. L. R. 794.

4. SAME—ERROR IN DESCRIPTION OF PROPERTY—APPEAL AND ERROR.
   . Misdescription of property conveyed to city for street purposes
   on vacation of part of another street, which was discovered
   after filing bill to enjoin said vacation and promptly corrected,
   *held*, not to affect rights of parties or questions presented on
   appeal.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 22, 1932. (Docket No. 68, Calendar No. 36,352.) Decided June 6, 1932.

Bill by F. W. Cady and others against Oliver Farm Equipment Company, a corporation, and others to enjoin vacation of a portion of a street. Bill dismissed. Plaintiffs appeal. Affirmed.

*John F. Berry,* for plaintiffs.

*John A. Wagner,* for defendants.

NORTH, J. Plaintiffs are owners of separate parcels of residence property fronting on Nichols street in the city of Battle Creek. From a decree denying them injunctive relief against defendants, who have undertaken to vacate a portion of this street, plaintiffs have appealed. The proceedings taken by the city commission also involve vacating an alley extending southerly from Nichols street and a small portion of Union street; but the legal aspect of the case is not affected thereby.

Nichols street is an easterly and westerly thoroughfare extending from Union street on the west to Pine street on the east. In a little more than the westerly half of this block between Union street and Pine street the Oliver Farm Equipment Company owns the property on both sides of Nichols street, and this is the portion of the street sought to be

vacated. Plaintiffs' properties are located in the easterly portion of this block. Beginning at the easterly end of that portion of the street which defendants would vacate, the Oliver Farm Equipment Company proposed to deed to the city for street purposes a strip of land 41.25 feet in width and extending northerly one block to Shepard street. Shepard street parallels Nichols street and also extends from Union street to Pine street. Heretofore plaintiffs' direct route to the business part of the city was west on Nichols street to Union street. Under the proposed change the route will necessarily be west on Nichols street to the point of vacation, thence northerly one block to Shepard street, thence westerly to Union street, and from this point south on Union street to East Michigan avenue, which is the main thoroughfare leading to the business section. The change in route will compel plaintiffs to turn two additional corners and travel approximately 374 feet farther than heretofore to reach the central portion of the city.

Appellees assert that in granting the petition of the Oliver Farm Equipment Company to vacate this portion of Nichols street the proper proceedings were taken by the city commission in accordance with the city charter provisions. But plaintiffs and appellants assert the city commission cannot vacate a street or alley without first giving public notice and a public hearing at which objections to the proposed vacation may be presented. It is conceded that no notice or opportunity was afforded plaintiffs in the instant case, although a number of them were present at the meeting of the city commission when action was taken, and on this occasion some of the plaintiffs talked with the city officials. The Battle Creek city charter was adopted under Act No. 279,

Pub. Acts 1909 (1 Comp. Laws 1929, § 2228 *et seq.*), commonly known as the home-rule act; and section 1 of chapter 21 of the Battle Creek charter provides:

"The commission shall have full power by the affirmative vote of not less than four commissioners to lay out, establish, open, extend, widen, straighten, alter, close, vacate or abolish any street, alley or highway."

Neither the home-rule act nor the charter of the city of Battle Creek provides for the giving of any notice of hearing incident to vacating streets or alleys. It would seem the matter of requiring notice to be given is left to the city commissioners; and in this case they did not see fit to require notice other than that of publishing the petition in the minutes of the commission proceedings the week previous to passing the resolution by which this portion of Nichols street was ordered vacated. In a suit involving vacation of streets and alleys Chief Justice WIEST said:

"The question of eminent domain is not involved. By no stretch of imagination can it be said that the property rights of plaintiffs are taken." *Tomazewski* v. *Palmer Bee Co.,* 223 Mich. 565, 569.

"Moreover, in the absence of some express provision of the law to the contrary, it is not requisite that notice should be given (incident to vacating streets or alleys)." *Roberts* v. *City of Detroit,* 241 Mich. 71, 79, citing authorities.

It thus appears that plaintiffs do not have cause to complain on the ground of lack of notice or hearing.

Appellants also contend that the action of the city commission in vacating this portion of Nichols

street was an abuse of discretion, and that such action was not beneficial to the general public. Instead, appellants assert the proposed change in this thoroughfare would result in great inconvenience to them in going to and returning from the business section of Battle Creek, that fire protection for their properties would be somewhat impaired, and their property values decreased. Because of this they assert they are deprived of property without due process of law. This phase of the case was thus disposed of by the trial judge:

"In considering this question, we must remember that the streets and alley sought to be vacated are located in an industrial or manufacturing district, and not a first-class residential district. * * * The evidence further shows that the plaintiffs own no property abutting on that portion of Nichols street that is vacated by said resolution * * * (and plaintiffs) have an outlet and the vacation of that portion of Nichols street does not create a cul-de-sac, but in reality creates a new block of that portion of Nichols street on which plaintiffs' properties abut.

"While there was some evidence introduced that there would be a special damage to the property of plaintiffs in the reduction of the value thereof, the great weight of the evidence is to the contrary, and that it will increase the value thereof rather than decrease it. The only injury that will result to plaintiffs by the closing of said street would seem to be the inconvenience that it will cause plaintiffs in traveling * * * farther to reach the downtown district by way of East Michigan avenue, which is their most direct route. This, however, has been held in this State to be injury without damage and will not prevent the vacation of said street if there is a benefit resulting to the public generally." Citing *Tomazewski* v. *Palmer Bee Co., supra.*

We have recently held:

"Vacation of part of street to allow enlargement of manufacturing plant of abutting owner was matter of expediency and within power vested in city council.

"Neither advisability or purpose of vacating part of street is subject to review by court unless vacation was abuse of power or brought about by fraud." *Manufacturers Foundry Co.* v. *City of Holland* (Syllabi), 253 Mich. 60.

Review of this record fully satisfies us that in this vacation proceeding the city commission did not abuse its power relative to vacating streets and alleys, and there is no claim made that in so doing there was fraudulent misconduct. Notwithstanding the Oliver Farm Equipment Company will be privately benefited, the record sustains the finding of the trial judge that the action of the city commission permits industrial expansion by which the municipality will generally be benefited. And further incident to this vacation proceeding, the city of Battle Creek received conveyances of parcels of property which had theretofore been used for street purposes but of which it did not have record title; and as above noted it also received from the Oliver Farm Equipment Company conveyances of the necessary land for opening a north and south highway connecting Nichols street with Shepard street. There being neither an abuse of discretion nor fraud, this court should not enjoin the course of action taken by the city commissioners.

Since the bill of complaint was filed herein it was discovered that there was an error in the description of the land which the Oliver Farm Equipment Company conveyed to the city to be used for the street extension to connect Nichols street with

Shepard street. This was promptly corrected by the parties concerned, and cannot be held to affect the rights of the parties herein or the question presented on this appeal.

The decree dismissing plaintiffs' bill of complaint is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.