HAGERL v. CHEBOYGAN COUNTY ROAD COMMISSION.

1. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSION—ABANDONMENT—HEARING.

County road commissions are empowered by statute to absolutely abandon and discontinue any county road or part thereof by resolution without petition or hearing, except when buildings are located along the portion to be discontinued (CLS 1956, § 224.18).

2. SAME—ABANDONMENT—NOTICE—HEARING.

Property owners of record and occupants of land through or adjoining which it is proposed to absolutely abandon and discontinue a road by a county road commission must be served with notice of hearing, but others whose access is not impaired are not entitled to such notice (CLS 1956, § 224.18).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  25 Am Jur, Highways § 118.
[2]  25 Am Jur, Highways § 121.
[3]  25 Am Jur, Highways §§ 121, 125.
Necessity for adhering to statutory procedure prescribed for vacation, discontinuance, or change of route of street or highway.  175 ALR 760.
Who, other than abutting owner, may maintain a suit to enjoin closing or obstructing street or highway.  68 ALR 1285.

3. SAME—ABANDONMENT—RAILROAD CROSSING RELOCATION.

Bill of complaint by cabin and motel owners to enjoin county road commission from abandoning crossing of railroad at present location on ground that board had no valid petition before it on which to act, that it failed to serve notice on plaintiffs, and that it held no hearing was properly dismissed, where it was not alleged plaintiffs own any property adjacent to or through which the abandoned crossing ran nor that their access to Federal highway across tracks was diminished by relocation of the crossing 1,000' to the north, plaintiffs not being entitled to a notice, hearing, or review (CLS 1956, § 224.18).

Appeal from Cheboygan; Fenlon (Edward H.), J. Submitted April 11, 1961. (Docket No. 55, Calendar No. 48,460.) Decided June 29, 1961. Rehearing denied September 21, 1961.

Bill by Elmer J. Hagerl, William Barnes, and Lloyd Cooper against Arnold Ostrander, Thomas Baker, and Gordon Tallman, as members of the Cheboygan County Road Commission, and the New York Central Railroad, a corporation, to enjoin abandonment and relocation of grade crossing. Judgment for defendants on pleadings. Plaintiffs appeal. Affirmed.

*Harry W. Lower,* for plaintiffs.

*Robert S. Baird,* for defendant road commission.

DETHMERS, C. J. Plaintiffs brought this action to enjoin defendant county road commission from absolutely abandoning that portion of a county road which constituted a crossing over defendant railroad company's right-of-way and tracks and both defendants from relocating the crossing at a place approximately 1,000 feet up the tracks. From judgment on the pleadings for defendants, plaintiffs appeal here.

From plaintiffs' bill of complaint and attached exhibits it appears that they are property owners

in a platted resort area on the west side of Mullet lake; that a county road runs north and south along the west side of the platted area; that immediately adjacent to the west of that road and running parallel therewith is the defendant railroad company's right-of-way; that adjacent thereto on the west is highway US–27; that an east and west county road, running through the platted area, extended west across the said north and south county road and the adjoining railroad tracks to highway US–27 at the old crossing location here involved; that the new crossing runs similarly from the north and south county road west across the tracks to highway US–27, at a point some 1,000 feet north of the old crossing; that plaintiffs have access from their properties to highway US–27 over the east and west and the north and south county roads and new crossing in like fashion as they had before over the old crossing. Their bill of complaint contains no allegations that plaintiffs own any property adjacent to or through which the abandoned crossing ran nor that plaintiffs' access to highway US–27 from their properties is diminished by the relocation.

Plaintiffs' real objection to the relocation seemed to be that they owned and operated cabins or motels for rentals and feared that with the crossing relocated at a point further removed from their properties they might suffer a decrease in such rentals. They challenge the absolute abandonment action of the road commissioners on the grounds that the board had no valid petition before it on which to act, that it failed to serve notice on them of a hearing on the proposed abandonment and actually held no such hearing and that its finding that the relocation was necessary as a safety measure was unfounded.

CLS 1956, § 224.18 (Stat Ann 1958 Rev § 9.118), empowers boards of county road commissioners to

absolutely abandon and discontinue any county road or part thereof by resolution. It requires no petition or hearing except when buildings are located along the portion to be discontinued, and no such fact is alleged in plaintiffs' bill. In cases calling for a hearing the section provides for service of notice of such hearing "on the owners of record and occupants of lands through or adjoining which it is proposed to absolutely abandon and discontinue such road."

In *Kimball* v. *Homan,* 74 Mich 699, the discontinuance of a portion of an alleged highway by a township commissioner of highways was under consideration. The governing statute, referred to in the opinion, was How Stat § 1298. It also contained language, as in the statute here in question, requiring notice to be served on the "owners or occupants of lands through or adjoining which it is proposed to * * * discontinue such road". This Court said (pp 702–704):

"The statute which allows highways, or parts of highways, to be discontinued, requires notice to be given to owners and occupants of lands through or adjoining which it is proposed to discontinue the road. The natural meaning confines this adjacency to the part discontinued. * * * It is evident that in view of the statutes the persons who may complain of the discontinuance of a way must be such as are directly affected in their convenience of access to their property, and who are liable to lose their immediate means of communication. There must be some limit to the extent of country within which the grievance is to be regarded as confined, and this has been fixed by the legislature in the manner specified. How Stat § 1298. These persons are the only ones deemed parties to the controversy, and the only ones, therefore, who can seek a review. * * *

"When the law has distinctly declared that none but adjacent owners and occupants shall be notified,

it has thereby declared that those not so situated need not be regarded in the action, and cannot complain of it.  *  *  *

"If petitioner had (as we think he had not) a possible interest in the matter, it is not such that we should be justified in helping it out, under the circumstances of the present case. The only difference between his present and past conditions is that instead of going north into Grand Rapids by an unbroken, straight line, he has to turn at Home street, and select either of 2 northern roads in the same direction, but a little distance off. This is not a tangible grievance to his convenience of passage."

In *Tomazewski* v. *Palmer Bee Co.,* 223 Mich 565, 569, 570, this Court said:

"It is a well-settled rule that a lot owner's right to object to the vacation of a part of a street depends upon whether his lot abuts upon or comes in actual contact with the vacated portion, or access to his lot is entirely or materially cut off by reason of the vacation. That he may be inconvenienced or that he may have to go a more roundabout way to reach certain points does not bring to him any injury different in kind from the general public but only in degree. If means of ingress and egress are not cut off or lessened in the block of the abutting owner but only rendered less convenient because of being less direct to other points in the city and made so by the vacation of the street in another block such consequence is *damnum absque injuria."*

See, also, *Phelps* v. *Stott Realty Co.,* 233 Mich 486, and *Cady* v. *Oliver Farm Equipment Co.,* 259 Mich 161.

Under the holdings in these cases plaintiffs' bill of complaint does not set forth such an interest in them as to entitle them to notice, a hearing or review.

Affirmed.   Costs to defendant county road commission.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.